**ORIGINAL**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 09 2010 ★
BROOKLYN OFFICE

PATTERSON BELKNAP WEBB & TYLER LLP
John D. Winter (JW 3252)
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Attorneys for Defendant
Johnson & Johnson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

JENNIFER LEVINE,

       Plaintiff,

  - against -

JOHNSON & JOHNSON,

       Defendant.

-----------------------------------x

10 CIV. **10 3135**

NOTICE OF REMOVAL

SPATT. J.

BOYLE. M.J.

TO:  THE JUDGES FOR THE UNITED STATES DISTRICT
   COURT FOR THE EASTERN DISTRICT OF NEW YORK

   Defendant Johnson & Johnson, ("J&J") respectfully shows upon information and belief:

   1. An action was commenced against J&J in the Supreme Court of the State of New York, County of Nassau by service upon J&J of a summons and complaint on or about June 23, 2010, a copy of which is attached hereto as Exhibit A.

   2. It appears that the above-described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed to this Court by Neutrogena pursuant to the provisions of 28 U.S.C. § 1441(a) and 28

U.S.C. § 1441(b), in that it is a civil action other than one specified in 28 U.S.C. § 1445, brought in the Supreme Court of the State of New York, County of Nassau, wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

3. Upon information and belief, plaintiff Jennifer Levine appears to be a citizen of the State of New York.

4. Johnson & Johnson is a New Jersey corporation with its principal place of business located in New Brunswick, New Jersey.

WHEREFORE, J&J request that the above action now pending against it in the Supreme Court of the State of New York, County of Nassau, be removed therefrom to this Court.

Dated: July 9, 2010

Respectfully submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____
John D. Winter (JW 3252)
A Member of the Firm
Attorneys for Defendant
Johnson & Johnson
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
jwinter@pbwt.com

TO: Veronica Renta Irwin, Esq.
IRWIN & STREINER
Attorneys for Plaintiff
1180 Northern Blvd., Suite 203
Manhasset, New York 11030
Telephone: (515) 801-4990

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------X
JENNIFER LEVINE,

                Plaintiff,

-against-

JOHNSON & JOHNSON,

                Defendant.

----------------------------------------X

Date Filed:

**SUMMONS**
Index No. 011071/10

Plaintiff's residence:
79 B Old Oak Lane
Levittown, NY 11756

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** and required to appear in, SUPREME Court Of The State Of New York, County Of NASSAU, at the clerk at 100 Supreme Court Drive, Mineola, NY 11501 in the County Of NASSAU, State of New York, by serving an Answer to the annexed complaint upon the plaintiff's attorney, at the address stated below, or, if there is no attorney, upon the plaintiff, at the address stated above, within the time provided by law as demanded in the complaint. Plaintiff designates NASSAU County as the place of trial. The basis of the venue designated is the residence of plaintiff.

Dated: June 2, 2010

Veronica Renta Irwin
IRWIN & STREINER
Attorneys for Plaintiff
JENNIFER LEVINE
1180 Northern Blvd, Suite 203
Manhasset, New York 11030
516-801-4990

NOTE: The law provides that:

(a) If the Summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such a service; or

(b) If this Summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery or you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk within which to appear and answer.

Defendant's address:

JOHNSON & JOHNSON
199 Grandview Road
Skillman, NJ 08558-9418

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------X
JENNIFER LEVINE,

                Plaintiff,

-against-

JOHNSON & JOHNSON,

                Defendants.
-----------------------------------------X

VERIFIED COMPLAINT

Index No.

RECEIVED
JUN 09 2010
NASSAU COUNTY
COUNTY CLERK'S OFFICE

Plaintiff by her attorneys IRWIN & STREINER, as and for her Verified complaint allege as follows:

1. That at all times hereinafter mentioned the plaintiff was and still is a resident of the County of NASSAU, State of New York, residing at 79B Old Oak Lane, Levittown, New York 11756.

2. That at all times hereinafter mentioned, defendant JOHNSON & JOHNSON is and was a domestic corporation organized and existing under the laws of the State of New York.

3. That at all times hereinafter mentioned, defendant JOHNSON & JOHNSON was doing business in the State of New York.

4. That upon information and belief, at all times hereinafter mentioned, defendant JOHNSON & JOHNSON wholly owns the subsidiary of Johnson and Johnson Healthcare Products.

5. That Johnson and Johnson Healthcare Products manufactures menstrual tampons and pads which are commercially available to the public.

6. That Johnson and Johnson Healthcare Products manufactures a product called "STAYFREE Overnight Ultra Thin with Wings".

7. That Plaintiff Jennifer Levine purchased this product on or about November 7, 2008.

8. That the product purchased by Jennifer Levine did not contain any indication that the product contained Latex.

9. That immediately after Ms. Levine began using the product she suffered an allergic reaction which included but was not limited to a rash and hives covering her buttocks, abdomen, and underarms, as well as shortness of breath and tightness in her chest.

10. Ms. Levine notified Johnson and Johnson of her allergic reaction to this product on November 7, 2008.

11. That on and prior to November 7, 2008, the defendants, disregarding their duties, negligently and carelessly failed to include a Latex warning on the "STAYFREE Overnight Ultra Thin with Wings" product.

12. That on and prior to November 7, 2008, the defendants, in violation of Good Manufacturing Practice failed to include a Latex warning on the "STAYFREE Overnight Ultra Thin with Wings" product.

13. That on and prior to November 7, 2008, the defendants, failed to include a list of component materials on the "STAYFREE Overnight Ultra Thin with Wings" product.

14. That defendants had actual or constructive notice of said dangerous condition and had a reasonable time within which to correct or warn about its existence.

15. That said dangerous condition was visible, apparent and existed for a sufficient length of time prior to the accident that defendants with reasonable care would have discovered its existence.

16. That the resulting injuries to said plaintiff were caused solely by the negligence of the defendants and not due in any part to the negligence of plaintiff.

17. That by reason of the negligence of the defendants, the plaintiff received personal injuries.

18. That by reason of the injuries sustained by the plaintiff, the plaintiff has been compelled to employ medical care; that she has been deprived of carrying on her usual vocation and will be deprived of carrying on her usual vocation in the future, and that it will be necessary to continue to receive medical care, all to the plaintiff's damage.

19. That by reason of the injuries sustained by the plaintiff, the plaintiff has been compelled to employ medical care; that she has been deprived of her usual quality of life.

20. That due to Ms. Levine's allergic reaction she has suffered complications with her health since her allergic reaction caused by the use of the "STAYFREE Overnight Ultra Thin with Wings" product.

21. That due to Ms. Levine's allergic reaction as a result of her use of the "STAYFREE Overnight Ultra Thin with Wings" product, she is likely to continue to suffer complications with her health issues in the future.

22. That due to Ms. Levine's allergic reaction as a result of her use of the "STAYFREE Overnight Ultra Thin with Wings" product, she is more susceptible to an allergic reaction in the future.

23. That due to Ms. Levine's allergic reaction as a result of her use of the "STAYFREE Overnight Ultra Thin with Wings" product, the severity of her reaction is likely to be greater in the future.

24. That due to the foregoing said plaintiff has been damaged by said defendants in the sum of $1,000,000.00.

**WHEREFORE,** plaintiff demands judgment against defendants in the sum of $1,000,000.00 with appropriate interest, costs and disbursements.

Dated: Manhasset, New York
       June 3, 2010

*Veronica Renta Irwin*
Veronica Renta Irwin
IRWIN & STREINER
Attorney for Plaintiff
1180 Northern Blvd,
Suite 203
Manhasset, NY 11030
516-801-4990

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
JENNIFER LEVINE,

                                          Plaintiff,

                                          VERIFICATION
                                          Index No.

      -against-

JOHNSON & JOHNSON,

                                          Defendant.
-----------------------------------------------------------------X

STATE OF NEW YORK  )
COUNTY OF NASSAU ) ss.:

    I, JENNIFER LEVINE, being duly sworn depose and say: I am the plaintiff in the within action; I have read the foregoing VERIFIED COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters I believe it to be true.

                                                                    JENNIFER LEVINE

Sworn to me before this
12 day of ~~April~~ MAY, 2010.

_____
Notary

**LOUISE CREW**
Notary Public, State of NY
No. 4987844
Qualified in Nassau County
Commission expires Oct. 21, 2013

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------X
JENNIFER LEVINE,

                            Plaintiff,

  -against-

JOHNSON & JOHNSON,

                            Defendant.
----------------------------------------------------------X

PURSUANT TO SEC. 130-1 OF THE RULES OF THE CHIEF ADMINISTRATOR (22 NYCRR 130.1.1) I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, FORMED AFTER AN INQUIRY REASONABLE UNDER THE CIRCUMSTANCES, THE ANNEXED SUMMONS AND COMPLAINT IS NOT FRIVOLOUS.

IRWIN & STREINER, LLC
Attorneys for Plaintiff(s)
1180 Northern Blvd
Suite 203
Manhasset, NY 11030
Telephone: (516) 801-4990

To:

Service of a copy of the within         is hereby admitted.

Dated:

                                            Attorney(s) for

PLEASE TAKE NOTICE, that the within is a (certified) true copy of a
            entered in the office of the clerk of the within named Court on
PLEASE TAKE NOTICE, that an order       of which the within is a true copy will be presented for settlement to the Hon.       at     on     at     AM.

# Johnson & Johnson

LAW DEPARTMENT
ONE JOHNSON & JOHNSON PLAZA
NEW BRUNSWICK, NJ 08933

## AFFILIATE RECEIPT OF LEGAL PROCESS

*All documents including their envelopes (if applicable) must be immediately forwarded to Stephanie Youngman in the J&J Law Department (WH 3104).*

### **REQUIRED INFORMATION**

**AFFILIATE(S) SERVED:** JOHNSON + JOHNSON

**METHOD OF SERVICE:**
☐ CERTIFIED MAIL
☐ REGULAR U.S. MAIL
☒ PERSONAL / HAND DELIVERY (BY PROCESS SERVER) (FRANKIE ROBERSON)
☐ FEDERAL EXPRESS / OVERNIGHT COURIER ____
☐ OTHER: ____

**DATE RECEIVED:** June 23, 2010

**DATE POSTMARKED:** ____

**RECEIVED BY:** DARREN HARRIS - CRIM

**DATE SENT TO LAW DEPT.:** June 23, 2010

### OPTIONAL INFORMATION

**TYPE OF DOCUMENT(S):**
☐ CLAIM       ☐ BANKRUPTCY       ☐ SUBPOENA (3rd PARTY)
☒ LAWSUIT     ☐ GARNISHMENT      ☐ SUBPOENA (EMPLOYEE)
☐ NOTICE
☐ OTHER ____

**CASE / PLAINTIFF NAME:** JENNIFER LEVINE

**CASE # (IF APPLICABLE):** ____

**TYPE OF CASE:**
☒ PRODUCT LIABILITY
(PRODUCT NAME) STAYFREE OVERNIGHT ULTRA THIN w/ WINGS

☐ EMPLOYMENT
(EMPLOYEE NAME) ____

☐ OTHER: ____

**COMMENTS/OTHER INFO:** ____