# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF NEW YORK

**Douglas C Palmer**
Clerk of Court

**Brenna Mahoney**
Chief Deputy

**Michael J. Kramer**
Chief Deputy



Theodore Roosevelt Federal Courthouse
Emanuel Cellar Federal Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201
(718) 613-2270

Alfonse D'Amato Federal Courthouse
100 Federal Plaza
Central Islip, NY 11722
(718) 613-2270

26 October 2021

**BY ECF AND OVERNIGHT MAIL**

**Veronica Renta**
Irwin & Streiner
1180 Northern Blvd, Suite 203
Manhasset, NY 11030

**John D. Winter**
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

In re: Levine v. Johnson & Johnson, 2:10-cv-03135-ADS-ETB

Dear Counsel,

      I have been contacted by Chief Judge Margo K. Brodie on behalf of Judge Arthur D. Spatt who presided over the above-mentioned case.

      Judge Brodie informed me that it has been brought to her attention that while Judge Spatt presided over the case, he owned stock in Johnson and Johnson. His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Brodie on behalf of Judge Spatt, directed that I notify the parties of the conflict.

      Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to this disclosure on behalf of Judge Spatt of a conflict in this case. Should you wish to respond, please submit your response on or before November 10, 2021. Any response will be considered by another judge of this court without the participation of Judge Spatt, who is now deceased.

Sincerely,

Douglas C. Palmer
Clerk of Court